UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KEVIN DESHAWN HINKLE                                        PLAINTIFF

vs.                                          CIVIL ACTION NO. 3:23-CV-66-CRS

NICK NEWMAN                                                 DEFENDANT

<u>MEMORANDUM OPINION</u>

This is a 42 U.S.C. § 1983 civil rights action brought by a *pro se* prisoner. The Court has granted Plaintiff Kevin DeShawn Hinkle leave to proceed *in forma pauperis*. DN 5. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

I.      SUMMARY OF CLAIMS

Plaintiff brings this 42 U.S.C. § 1983 action against "Commonwealth's Attorney" Nick Newman in his official capacity. DN 1, at PageID # 2. The complaint alleges that Plaintiff was arrested "[i]n 9-8-2006" for an unstated offense. *Id.* at 4. Following the arrest, Plaintiff alleges that: "Nick Newman stated in court he would have me indicted if I did not take his offer. The Judge told him that it would not happen in his court. Nick Newman made good on his rant and had me indicted." *Id.* Plaintiff was convicted of the offense and served a two-year sentence. *Id.*

Plaintiff alleges that he "recently found out the Judge dismissed the case based on the officer's statement so I was initially unlawfully detained. 01-2-09[.]" *Id.* Plaintiff alleges he was subject to "unlawful detention for initial arrest," unlawful imprisonment, and malicious prosecution. *Id.* For relief, he seeks money damages and punitive damages. *Id.* at 6.

## II.    LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint.   28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).   The complaint, or any portion of it, must be dismissed if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 608.

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a  claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)).   In analyzing the complaint, the "district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted).   "But the district court need not accept a 'bare assertion of legal conclusions.'" *Id.* (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).   "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976)).   However, "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.     DISCUSSION

"Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). "To state a claim under § 1983, a plaintiff must allege [1] the violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254–2255, 101 L. Ed. 2d 40 (1988).

Plaintiff brings this action against Defendant Nick Newman in his official capacity. DN 1, at PageID # 2. A state official sued in his official capacity is not a "person" within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 71, 109 S. Ct. 2304, 2308, 2312, 105 L. Ed. 2d 45 (1989); *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169, 106 S. Ct. 3099, 3107, 87 L. Ed. 2d 114 (1985). For these reasons Plaintiff's official-capacity claims must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary damages from a defendant immune from such relief.

## IV.     CONCLUSION

For the foregoing reasons, this action will be dismissed by separate order.

July 5, 2023

Charles R. Simpson III, Senior Judge
United States District Court